## BILL BAWCOM v. THE STATE.

### No. 3555. Decided February 28, 1906.

**1.—Assault With Intent to Rape—Declaration of Defendant—Harmless Error.**

Where upon trial for assault with intent to rape, declarations of the defendant made on the night of the alleged assault, to the effect that he was going to have carnal intercourse with some one before daylight, was admissible. Besides if not admissible, the same was harmless error, as the case was clearly made out and the smallest punishment awarded.

**2.—Confessions—Predicate.**

Upon a trial for assault with intent to rape, where the evidence showed that defendant was under arrest at the time of his declaration to the officer to the effect that he was not at the house of the alleged injured female on the night of the alleged assault, had nothing to do with it, knew nothing about it, etc., and that the officer had given the proper warning, there was no error in admitting the testimony of the officer.

**3.—Charge Refused—Want of Consent—Resistance—Force.**

Where upon a trial of assault with intent to rape, the evidence showed that the injured female, neither directly nor indirectly consented, but resisted to the utmost; that her mother assisted her in doing so, and others came to her rescue and defendant ran away, there was no error in refusing defendant's requested charge to acquit the defendant unless it was his intention to have carnal intercourse with the alleged injured party at all hazards, and to use sufficient force to accomplish his purpose against any resistance the alleged party might put forth, etc.; the court in his general charge having sufficiently charged upon this phase of the case.

Appeal from the District Court of Llano. Tried below before the Hon. Clarence Martin.

Appeal from a conviction of assault with intent to rape; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Flack & Dalrymple,* for appellant.—On question of declaration of defendant: Gaines v. State, 42 S. W. Rep., 397; 53 id., 624; Hall v. State, 64 id., 248; Strange v. State, 42 id., 551; Godwin v. State, 43 id., 336; Holley v. State, 46 id., 39. On question of intention, force and resistance: Dockery v. State, 34 S. W. Rep., 281; Shields v. State, 23 id., 893; Dina v. State, 78 S. W. Rep., 229; O'Brien v. State, 40 id., 969; Caddell v. State, 70 id., 91; Coffee v. State, 76 id., 761.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This conviction was for assault with intent to rape, and his punishment fixed at confinement in the penitentiary for a term of two years. Bill of exceptions was reserved to the introduction of the testimony of the witness Lee, to the effect that on the night of the alleged assault, about 10 o'clock, witness found defendant standing on the sidewalk in front of Holzer's saddle-shop; that defendant said to witness, among other things, that he "was going

to f—k something before daylight." The grounds of exception are, because "immaterial, inadmissible, formed no part of the charge against defendant, and was calculated to injure his rights before the jury." Similar testimony was introduced over objection in Massey v. State, 31 Texas Crim. Rep., 371. Judge Hurt, speaking for the court in that case, said, "The intended victim need not be named, if the subsequent facts show with reasonable probability to whom he referred, or the threat was such as to evidence a determination of raping some female in a particular manner that night." The language by defendant in the Massey case, was to the effect that he intended to "have some skin that night if he had to kill the girls." To the same effect is Wood v. State, 28 Texas Crim. App., 61, where it was stated substantially that in a prosecution for rape, it was permissible to prove by witness that about a month before the alleged rape, she (witness) and defendant were talking about sweethearts, when defendant said, "he had a good thing, but it was not black; and that she told him he had better mind how he talked." Error was ssigned upon the admission of that testimony, but the court held it admissible. See that case for the reasoning. Under these authorities the court's ruling in this case was not error. Even if not admissible, it was not injurious to appellant. The case was clearly made out and the smallest punishment awarded.

The sheriff was permitted to testify that after proper warning, defendant stated to him, "I was not out at Mrs. Honeycutt's last night. I had nothing to do with it. I know nothing about it. There is nothing doing; nothing doing." The objection is, that the predicate was not laid because defendant was under arrest at the time he made the declaration. Appellant was under arrest at the time, but the proper warning was given, as shown by the bill and as qualified by the court. Mrs. Honeycutt was the alleged injured female. This testimony was clearly admissible.

Appellant requested the following charge: "Before you can convict defendant, you must believe beyond a reasonable doubt that it was the intention of the defendant to have intercourse with the alleged injured party, Mrs. Lillie Honeycutt, at all hazards; that is, he intended to use sufficient force to accomplish his purpose, notwithstanding any resistance the said alleged party might put forth. And you must believe that this intention existed in his mind at the very time of the alleged assault." This was refused, and error assigned. The court among other things, charged the jury, after defining assault, etc., that said assault must be made with specific intent to rape said Lillie Honeycutt, and to have carnal knowledge of her, without her consent and by force; and third, to have carnal intercourse with said Lillie Honeycutt, without consent, and by force, and by the use of such means as is sufficient to overcome such resistance as the woman should make; and fourth, the resistance to be overcome and force to be used, in order to commit this offense must be such force as might be reasonably supposed to be necessary to overcome resistance, taking into consideration the relative

strength of the parties and the other circumstances of the case. He further charged them, if any one or more of these essential elements of the offense of assault with intent to commit the offense of rape is not proved by the evidence beyond a reasonable doubt, the jury should acquit of the offense of assault with intent to rape. We believe the charges given by the court under the facts of this case were sufficient, and it was therefore not error to refuse the requested instruction. In Caddell v. State, 70 S. W. Rep., 91, a similar charge to that requested was refused, and this court held that, under the peculiar circumstances of that case, it should have been given, because it drew the attention of the jury directly to the very issue made by the facts. It is well recognized that charges must be given in accordance with the facts proved on the trial, and where the question of consent enters into the case, it may be well enough to be more particular in the charge than where that question does not arise, or is not questioned by the facts. There is no evidence, as we understand this record, intimating that the assaulted party, directly or indirectly consented, or any fact from which the jury might possibly infer that she consented. She resisted to the utmost, and not only did she resist, but her mother assisted her, and others came to her rescue and defendant ran away. We believe that the charge as given sufficiently presented the matter in regard to the necessary force, and it was not error to refuse the requested instruction. The evidence, in our opinion, was sufficient to justify the jury in their finding, and the judgment is affirmed.

*Affirmed.*

[Motion for rehearing overruled without written opinion.—Reporter.]